IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANUWAVE LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLIANT ENERGY CORPORATION<br><br>        Defendant. | C.A. No. 3:18-cv-00887<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Anuwave LLC ("Anuwave" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Alliant Energy Corporation, (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Anuwave, from U.S. Patent No. 8,295,862 (the "'862 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2.    Plaintiff Anuwave is a Texas entity with its principal place of business at 15922 Eldorado Parkway, Suite 500-1574, Frisco, TX 75035.

3.    Upon information and belief, Defendant is a corporation organized under the laws of Wisconsin, having a principal place of business at 4902 N Biltmore Ln, Madison, Wisconsin 53718-2148. Upon information and belief, Defendant may be served with process at the same address.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction as well as because of the injury to Anuwave, and the cause of action Anuwave has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Wisconsin Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Wisconsin and in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL ALLEGATIONS

8. On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '862 patent, entitled "Method and system to enable communication through SMS communication channel" after a full and fair examination. (Exhibit A).

9. Anuwave is presently the owner of the patent, having received all right, title and interest in and to the '862 patent from the previous assignee of record. Anuwave possesses all

rights of recovery under the '862 patent, including the exclusive right to recover for past infringement.

10. The '862 patent contains two independent claims and five dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '862 patent.

11. The invention claimed in the '862 patent comprises a method for enabling communication through SMS that lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station.

12. The method allows a user to type in a desired parameter not listed at the terminal station using a network aware application. When the request is submitted to the SMS gateway, the gateway issues a response.

13. The technology embodied by the '862 patent improved mobile devices at the time of the invention by providing a network aware application on a mobile device that can communicate using SMS communication channels without resorting to other IP based communication channels in order to allow users to access to certain information over a telecommunication network.

## DEFENDANT'S PRODUCTS

14. Defendant offers solutions, such as the "Text Us commands" solution (the "Accused Instrumentality"), that enable communication through an SMS channel as recited in the preamble of claim 7 of the '862 patent, whereby any of Defendant's customers can use an SMS-enabled mobile device to receive alerts using text commands. For example, as shown in

Defendant's website, the Accused Instrumentality enables users to subscribe to alerts via SMS messages.[1]

**Text Us commands**

Begin by texting REG to 255255 and complete the registration process. Once registered, text any of the following commands to the same number to manage your account.

| COMMAND | PURPOSE |
| --- | --- |
| REG | Register your device to receive alerts. Follow the text prompts. You will need your 10-digit account number and billing zip code in order to validate your account. |
| SUB | Subscribe to *Account Alerts*. You will be added to the alert types for which you are eligible (Outage alerts, Bill reminders, Payment notices). |
| OUT | Report an electrical power outage affecting your area. You will need to confirm by entering your billing zip code. |
| STAT | Request a status update on an electrical power outage currently affecting your area. |
| PAUSE | Temporarily stop alerts from being sent to your phone for a 24 hour period. Alerts will automatically resume after 24 hours. |
| RESUME | Resume paused alerts before they are automatically resumed. |
| STOP | Cancel *Account Alerts*. You will not receive any further alerts after this is sent. You can re-subscribe to alerts at any time using SUB. |

15. As recited in the first step of claim 7, the Accused Instrumentality lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station. For example, as shown in Defendant's website, the accused instrumentality will show all available SMS services and their corresponding SMS commands that are available with an SMS gateway (e.g. the accused instrumentality's SMS gateway/server) according to meta information available at the terminal station (e.g. the SMS gateway lists available services based upon the user's accounts and preferences which are linked to their mobile device when they

---

[1] https://www.alliantenergy.com/More/ProactiveAccountAlerts/ProactiveAccountAlerts/TextCommands last visited October 18, 2018.

register for Alliant Energy Text message service) when a user sends the text message "HELP" after activating the mobile text message service at a terminal station (e.g. a mobile phone) [2].

16. As recited in the second step of claim 7, the Accused Instrumentality includes, upon selecting a service, a network aware application configured to allow a user to type in a desired parameter. For example, as shown in Defendant's website, the Accused Instrumentality is configured to, upon a user's selection of a service (e.g. a user can select the option to request status update on an electrical power outage affecting the user's area by entering the corresponding "STAT" command), implement a network aware application (e.g., the accused instrumentality) configured to allow a user to type in a desired parameter (e.g., the user can select the service by entering the corresponding "STAT" command and can then enter zip code of their area (desired parameter) in order to request the status update information).

17. As recited in the third step of claim 7, the Accused Instrumentality includes, upon user entering a desired parameter, submitting a request to the SMS gateway. For example, as shown in Defendant's website, the accused instrumentality submits a request to the SMS gateway (e.g. The accused instrumentality's SMS server) upon a user's entering of a desired parameter (e.g., the zip code of their area following the selected "STAT" service).[3]

18. As recited in the fourth step of claim 7, the Accused Instrumentality includes the SMS gateway responding back with a response. For example, in reference to paragraph 17, upon the SMS gateway/servers' receipt of a user's request, the gateway responds to the user by sending the information the user requested (e.g., the corresponding status update of the power outage in the user's area); the requested information being displayed on the user's mobile device).[4]

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

19. As recited in the fifth step of claim 7, the Accused Instrumentality includes a desired parameter that is not listed at the terminal station. For example, in reference to paragraph 17, and as shown in the Defendant's website, within the accused instrumentality, the desired parameter (e.g., the zip code the user enters in combination with the "STAT" service command) is not listed at the terminal station (e.g. the mobile device).[5]

20. The elements described in paragraphs 14-19 are covered by at least claim 7 of the '862 patent. Thus, Defendant's use of the Accused Product is enabled by the method described in the '862 patent.

## INFRINGEMENT OF THE '862 PATENT

21. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 20.

22. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '862 patent.

23. Defendant has had knowledge of infringement of the '862 patent at least as of the service of the present complaint.

24. Defendant has directly infringed and continues to directly infringe at least claim 7 of the '862 patent by using, at least through internal testing, the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '862 patent, Plaintiff has been and continues to be damaged.

25. By engaging in the conduct described herein, Defendant has injured Anuwave and is thus liable for infringement of the '862 patent, pursuant to 35 U.S.C. § 271.

---

[5] *Id*.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '862 patent, Anuwave has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Anuwave will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Anuwave is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

29. Anuwave demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Anuwave prays for the following relief:

a. That Defendant be adjudged to have directly infringed the Patent-In-Suit either literally or under the doctrine of equivalents;

b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '862 patent;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Anuwave for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including Anuwave's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f. That Anuwave have such other and further relief as this Court may deem just and proper.

Dated: October 29, 2018

Respectfully Submitted,

FERRAIUOLI LLC

*By: Jean G. Vidal Font*
Jean G. Vidal-Font
USDC No. 227811
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

Eugenio J. Torres-Oyola
USDC No. 215505
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF ANUWAVE LLC**